CHARLES S. ROSEMAN, ESQ., SBN 051453
RICHARD D. PRAGER, ESQ., SBN 174788
LAW OFFICES OF CHARLES S. ROSEMAN
    & ASSOCIATES
1761 Hotel Circle South, Suite 250
San Diego, CA  92108
Telephone:  (619) 544-1500
Facsimile: (619) 239-6411

Attorneys for Plaintiff,
LORETTA COY

# UNITED STATES DISTRICT COURT

# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| LORETTA COY,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., a Texas Corporation; G2 SECURE STAFF, L.L.C., a Texas Limited Liability Company; DOE GATE AGENT; DOE ATTENDANT; and, DOES 1 to 100, Inclusive,<br><br>    Defendants. | Court Case No.: 5:26-cv-02399-NW-NC<br><br>[Santa Clara Sup. Court Case No. 25CV481152]<br><br>**PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT**<br><br>1.    VIOLATION OF CALIFORNIA CIVIL CODE CIVIL CODE § 51, et. seq.<br>2.    VIOLATION OF CALIFORNIA CIVIL CODE CIVIL CODE § 54, et. seq.<br>3.    BREACH OF CONTRACT<br>4.    NEGLIGENCE<br><br>District Judge    :  Hon. Noel Wise<br>Dept.    :  3<br>Magistrate Judge :  Hon. Nathanael M. Cousins<br>Dept.    :  5<br><br>**[JURY TRIAL DEMANDED]**<br><br>Action Removed: March 19, 2026<br>Trial Date:    Not Yet Set |

/ / / / /

/ / / / /

/ / / / /

Plaintiff, LORETTA COY, (hereinafter referred to as"Plaintiff"), files her First Amended Civil Complaint ("FAC") with causes of action against defendants, SOUTHWEST AIRLINES CO., a Texas Corporation (hereinafter "AIRLINE"); G2 SECURE STAFF, L.L.C. ("GROUND SERVICE"), a Texas Limited Liability Company; DOE GATE AGENT ("GATE AGENT"); DOE ATTENDANT ("ATTENDANT"); and DOES 1 to 100, inclusive, (hereinafter collectively referred to as "Defendants"); and would show unto the Court the following:

## I.

## JURISDICTION AND VENUE

1.    Plaintiff alleges that, based upon information and belief, that:

(a)    Following service of Plaintiff's Summons and Civil Complaint, AIRLINE, and DOES 1 through 20, and each of them, immediately removed Plaintiff's instant action based upon 28 U.S.C. § 1332 (diversity jurisdiction) because the only parties to Plaintiff's initial complaint were a California resident and Texas corporation. Please see AIRLINE'S "NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT", ECF No. 1, pg. 2:1-26.  Plaintiff's FAC, however, has been amended to add a second defendant Texas corporation (GROUND SERVICE), and two additional defendants (GATE AGENT and ATTENDANT), both of whom allegedly reside in California, as Plaintiff does, thus destroying diversity.  Because diversity has been lost, this action must be remanded back to the California Superior Court, in and for the County of Santa Clara.

(b)    Venue is also proper in the California Superior Court, in and for the County of Santa Clara, as the subject incident upon which this action is based took place at the Norman Y. Mineta San Jose International Airport, located in the County of Santa Clara, State of California.

/ / / / /

/ / / / /

2.     Plaintiff, LORETTA COY, is now a resident of the State of California.  Plaintiff is informed and believes, and based thereupon alleges that, GATE AGENT, and DOES 40 through 60, and each of them, are now and at all times herein mentioned were, residents of the State of California; ATTENDANT, and DOES 60 through 100, and each of them, are now and at all times herein mentioned were, residents of the State of California; AIRLINE, and DOES 1 through 20, and each of them are now and at all times herein mentioned were Texas Corporations; and, GROUND SERVICE, and DOES 20 through 40, and each of them, are now and at all times herein mentioned were Texas Limited Liability Companies.

## II.

## THE PARTIES

3.     Plaintiff is informed and believes and thereupon alleges that:

(a)     Defendants(as defined under California Civil Code §§ 51(b), 54 and 54.1), AIRLINE, and DOES 1 through 20, and each of them, are and were organized, existing and/or providing public programs, activities and/or services under the laws of the State of California and the State of Texas, and are and were, public corporations or subsidiaries of the State of California and the State of Texas thereof, or other forms of public and/or business entities, duly organized, licensed and existing under the laws of the State of California and the State of Texas, authorized to do business in the  State of California, and are and were the lessees, operators, possessors and/or other forms of business entities charged with the responsibility of maintaining and facilitating inter-gate transfers for disabled airline passengers at the Norman Y. Mineta San Jose International Airport, located at or near 1701 Airport Blvd., County of Santa Clara, State of California.  Plaintiff prays leave of Court to amend and/or supplement this Complaint to include the exact form of defendant's public or business entity when ascertained, or to prove same at time of trial.

/ / / / /

(b)    Defendants(as defined under California Civil Code §§ 51(b), 54 and 54.1), GROUND SERVICE, and DOES 20 through 40, and each of them, are and were organized, existing and/or providing public programs, activities and/or services under the laws of the State of California and the State of Texas, and are and were, public companies, corporations or subsidiaries of the State of California and the State of Texas thereof, or other forms of public and/or business entities, duly organized, licensed and existing under the laws of the State of California and the State of Texas, authorized to do business in the  State of California, and are and were the lessees, operators, possessors and/or other forms of business entities charged with the responsibility of maintaining and facilitating inter-gate transfers for disabled airline passengers at the Norman Y. Mineta San Jose International Airport, located at or near 1701 Airport Blvd., County of Santa Clara, State of California.  Plaintiff prays leave of Court to amend and/or supplement this Complaint to include the exact form of defendant's public or business entity when ascertained, or to prove same at time of trial.

(c)    Defendants (as defined under California Civil Code §§ 51(b), 54 and 54.1), GATE AGENT, and DOES 40 through 60, and each of them, were persons who assisted, communicated, and interacted directly with Plaintiff in the aircraft, at the gate, and on the jet way, as more fully set forth herein. GATE AGENT identified themselves to Plaintiff as agents/employees of AIRLINE, and was wearing a uniform with insignias and an identification badge indicating she/he was the agent and/or employee of AIRLINE. While Plaintiff does not know GATE AGENT'S name, said individual's role in the events set forth herein is known with certainty. Plaintiff alleges, on information and belief, that GATE AGENT was not part of the flight crew and was in fact assigned to work at Norman Y. Mineta San Jose International Airport. It is further alleged, that this individual was at all times relevant herein a resident of the County of Santa Clara, State of California. Plaintiff prays leave of Court to amend and/or supplement this Complaint to include the exact form of name, or to prove same at time of trial.
/ / / / /

(d)     Defendants (as defined under California Civil Code §§ 51(b), 54 and 54.1), ATTENDANT, and DOES 60 through 100, and each of them, were persons who assisted, communicated, and interacted directly with Plaintiff in the aircraft, at the gate, and on the jet way, as more fully set forth herein. ATTENDANT identified themselves to Plaintiff as agents/employees of GROUND SERVICE, and was wearing a uniform with insignias and an identification badge indicating she/he was the agent and/or employee of GROUND SERVICE.  While Plaintiff does not know ATTENDANT'S name, said individual's role in the events set forth herein is known with certainty. Plaintiff alleges, on information and belief, that ATTENDANT was not part of the flight crew and was in fact assigned to work at Norman Y. Mineta San Jose International Airport. It is further alleged, that this individual was at all times relevant herein a resident of the County of Santa Clara, State of California. Plaintiff prays leave of Court to amend and/or supplement this Complaint to include the exact form of name, or to prove same at time of trial.

4.     The true names and capacities, whether individual, corporate, associate, partnership, agent, employee or otherwise of defendants herein are named as DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who therefore sue said defendants, and each of them, by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when they have been ascertained.

5.     Plaintiff is informed and believes, and based thereupon allege, that each such fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries and damages, as herein alleged, were proximately caused by said defendants, and each of them.

6.     Plaintiff is informed and believes and thereupon alleges, that at all times herein mentioned, defendants, and each of them, were the agents, servants, employees, joint venturers, contractors, partners, lessors, lessees, or subsidiaries of their remaining co-defendants, and each of them, and as such, were acting within the scope, course, and authority of such agency, employment, joint venture and/or partnership, and with the

permission, consent, authorization and ratification of the remaining co-defendants and each of them.

7.    Plaintiff, LORETTA COY, was at all times herein mentioned an otherwise qualified individual with a disability provided by Part 5.5 of the California Health & Safety Code,, the Unruh Civil Rights Act, §§ 51, et seq., 52, et seq., the California Disabled Persons Act, § 54, et. seq., California Government Code §§ 12926, 12926.1, 12948, 14 CFR Part 382, et. seq., and other statutory measures which refer to the protection of the rights of "physically disabled persons."

8.    Plaintiff LORETTA COY visited the places of public accommodation and/or transportation services owned and operated by Defendants, as a fare paying passenger, for the purpose of availing herself of, and to obtain the full and equal access to public programs, activities, or services, goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by Defendants, and each of them.  At all times stated herein, plaintiff, LORETTA COY, acted as a private attorney general by and through her attorneys to enforce rules, regulations, ordinances and similar measures to ensure the Defendants' facilities and property are accessible not only for herself; but for other persons with disabilities.

9.    Plaintiff is informed and believes, and thereupon alleges that the Defendants provided plaintiff, LORETTA COY, with transportation services in accordance with the Unruh Civil Rights Act, §§ 51, et seq., 52, et seq., the Disabled Persons Act, § 54, et seq., California Government Code §§ 12926, 12926.1, 12948, 14 CFR Part 382, et. seq., and other statutory measures which refer to the protection of the rights of "physically disabled persons."

## III.

## FACTS

10.    Plaintiff, LORETTA COY, has mobility impairment and requires assistance when traveling between airline gates.  Moreover, LORETTA COY has been classified as having a physical impairment, as required by Part 5.5 of the California Health & Safety

Code, California Government Code §§ 12926, 12926.1, 12948, the Unruh Civil Rights Act, Civil Code §§51, et seq., 52, et seq., the Disabled Persons Act, Civil Code § 54, et. seq., 14 CFR § 382.3, and other statutory measures which refer to the protection of the rights of "physically disabled persons".

11.    At all times herein mentioned, Plaintiff visited the public accommodation owned and operated by Defendants for the purpose of availing herself of the goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by Defendants.

12.    Prior to November 30, 2023, Plaintiff purchased airline tickets traveling between Denver, Colorado, en route to the Honolulu Daniel K. Inouye International Airport (HNL), aka "Honolulu International Airport," Honolulu, Hawaii (hereinafter, "Honolulu Daniel K. Inouye Int. Airport"), via the Norman Y. Mineta San Jose International Airport.  Plaintiff was required to arrive and transfer aircraft at the Norman Y. Mineta San Jose International Airport to reach her final destination.  On or about November 30, 2023, Plaintiff arrived at the Norman Y. Mineta San Jose International Airport, gate C63, from the Denver, Colorado, en route to depart to the Honolulu Daniel K. Inouye Int. Airport from gate 28.

13.    On, before, and after, November 30, 2023, plaintiff, LORETTA COY, was  an invitee and guest of and on the Defendants' transportation services.

14.    On, before, and at the time of booking her flight with Defendants, Plaintiff requested disabled accommodations, including, but not limited to loading, unloading and transferring with wheelchair assitance, regarding transferring between her arrival gate at the Norman Y. Mineta San Jose International Airport and her departing gate to Honolulu Daniel K. Inouye Int. Airport.  Plaintiff informed the Defendants, and each of them, of plaintiff, LORETTA COY's particular needs, including being physically disabled and requiring mobility assistance, including wheelchair assistance, between gates.

/ / / / /

PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT

15.     On, before, and after, November 30, 2023, and during each and every contact with Plaintiff, Defendants assured Plaintiff that they had arranged disabled accommodations for plaintiff, LORETTA COY, when transferring between her arrival gate in San Jose, and her departure gate to Honolulu Daniel K. Inouye Int. Airport. Defendants reassured Plaintiff that Defendants would safely get her from her arrival gate to her departure gate within the San Jose Airport and aboard the Defendant's departing aircraft. Further, Defendants reassured Plaintiff that Defendants would safely ger her aboard the Defendant's departing aircraft and safely into her aircraft seat to fly to Honolulu Daniel K. Inouye Int. Airport.

16.     On or about November 30, 2023, Plaintiff landed at the Norman Y. Mineta San Jose International Airport.  Defendants, and each of them, refused to provide mobility and/or disabled assistance, including, but not limited to failing to provide a wheelchair for transportation, to LORETTA COY, in transferring from her arrival gate to her departure gate to Honolulu Daniel K. Inouye Int. Airport. Instead, Defendants, and each of them, directed plaintiff, LORETTA COY, to take herself, unassisted and without a wheelchair, to the subject departure gate to the Honolulu Daniel K. Inouye Int. Airport.

17.     At times relevant herein Defendants, DOES 1 through 100, and each of them, including their agents and/or operators each individually, and collectively, failed to properly provide Plaintiff with legally requested and required pre-boarding assistance, and transfer assistance between her arrival and departure gates.

18.     Due to Defendants' failure to provide Plaintiff with the legally requested and required pre-boarding assistance, and transfer assistance between her arrival and departure gates, as required by law, as Defendants had promised to Plaintiff, and because of said discriminatory and negligent conduct LORETTA COY was caused to fall from in the  Norman Y. Mineta San Jose International Airport as she attempted to walk, without any assistance, including, but not limited to wheelchair assistance, between her arrival and departure gates suffering injury.

/ / / / /

19.    LORETTA COY, filed a timely complaint with the U.S. Department of Transportation, Aviation Consumer Protection Division, alleging that Defendants discriminated against her as a disabled air traveler.

20.    The wrongful conduct of Defendants, did cause great and irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facilities in violation of the anti-disability discrimination laws of the State of California and the United States of Americans, and/or other applicable Codes, statutes and/or regulations. At all times stated herein, the existence of said barriers at defendants' places of public accommodation evidenced "actual notice" of defendants' intent not to comply with the anti-disability discrimination laws of the State of California and the United States of Americans, and other similar rules, ordinances, regulates, statues and requirements, either then, now or in the future.

21.    Plaintiff, on information and belief, alleges that Defendants and each of them, failed to provide Plaintiff with disabled assistance and to safely enplane or board LORETTA COY into her departing aircraft.  Defendants' failure to employ the correct enplanement, boarding and/or passenger loading procedures and/or to offer Plaintiff assistance when requested  was in violation of California Civil Code § 54, et seq., and more specifically California Civil Code §§ 54.1(a)(3) as it explicitly incorporates the denial of "Full and equal access" into said California Civil Code Sections as a separate and independent violation of Plaintiff's state law rights, including, but not limited to 14 CFR §§ 382, et. seq., and the Technical Assistance Manual (TAM) for airlines and passengers with disabilities under the ACAA.

22.    Plaintiff is also informed and believe that the Defendants, and each of them, also failed to teach, train, instruct, and provide proper guidance, supervision and/or oversight to the Defendants' employees, agents and/or operators, because he, she or they was/were not properly trained and proficient in providing assistance to disabled guests passing through the Norman Y. Mineta San Jose International Airport.

PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT

23. As a direct result of the aforementioned wrongful and unsafe conduct of Defendants, plaintiff, LORETTA COY, has suffered physical injuries, emotional upset, embarrassment, humiliation and distress, which resulting physical manifestations and depravation of her civil right to be free from disability discrimination.

24. As a direct, legal and proximate result of the aforesaid conduct of the Defendants, plaintiff, LORETTA COY, was compelled to and did employ the services of healthcare professionals to care for and treat each of her, and she incurred reasonable expenses related to such care, as well as incidental expenses.

25. Plaintiff is informed and believes, and upon information and belief alleges that she may necessarily, by reason of her injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof.

26. At the time and at the place described herein, Plaintiff was denied full and equal access to public programs, activities, or services and they were denied equal access to the facilities owned and/or operated by the Defendants because the services were inaccessible to members of the disabled community who use mobility aids.

27. At all times stated herein, the existence of said barriers at and on Defendants' transportation services and places of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Unruh Civil Rights Act, Civil Code §§51, et seq., 52, et seq., the Disabled Persons Act, Civil Code § 54, et. seq., and other statutory measures either then, now or in the future. Plaintiff is informed and believes that Defendants have failed and refused to implement and enforce policies, practices and procedures to safely transport plaintiff, LORETTA COY, and/or others similarly situated, as required by law.

28. As a result of Defendants' failure to remove said barriers, and to ensure full and equal access to public programs, activities, or services, Plaintiff's persons was caused to suffer injury causing her physical and emotional injuries, thus, also causing humiliation, anger, exclusion, disappointment, embarrassment, degradation and overall

emotional distress.

29.    The absence of accessible features and/or the existence of inaccessible features caused Plaintiff physical injuries, emotional injuries and other damages as detailed herein as Plaintiff attempted to overcome said barriers, and to gain full and equal access to public programs, activities, or services.

30.    At all times stated herein, the existence of said barriers at Defendants' places of public accommodation and provision of transportation services evidenced "actual notice" of Defendants' intent not to comply with all relevant disabled access laws either then, now or in the future.

31.    Plaintiff is informed and believes that Defendants' dangerous and discriminatory conduct is capable of repetition, and that this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disabled community.  Plaintiff is informed and believes, and thereupon allege that there exists a national public interest in requiring safe public transportation for persons with disabilities, and that this complaint supports said policy.

32.    Plaintiff is believe that said barriers precluding her, and other disabled persons, from enjoying the full and equal access to the places of public accommodation and public services will continue to exist at future visits, which will result in future discrimination of Plaintiff, in violation of all relevant disabled access laws.

33.    Plaintiff, LORETTA COY, seeks statutory damages for each and every day that she was denied equal access to the Defendants' subject services or was deterred from attempting to use the subject facilities, services and accommodation because of continuing barriers to her full and equal access.

/ / / / /

/ / / / /

/ / / / /

PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT

## IV.

## FIRST CAUSE OF ACTION

**(LORETTA COY v. ALL DEFENDANTS, and DOES 1-100; VIOLATION OF UNRUH ACT - CALIFORNIA CIVIL CODE §§ 51, et seq., 52, et seq. )**

34.    Plaintiff, LORETTA COY, realleges each and every other paragraph in this complaint, and incorporates the same by reference as a part hereof, as though fully set forth herein.

35.    Based on the facts plead herein above and elsewhere in this Complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to and enjoyment of the subject facilities and of Defendants' goods, services, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of California Civil Code §§ 51, et seq., 52, et seq.

36.    Defendants' actions constitute a violation of Plaintiff's rights under California Civil Code §§ 51, et seq., and, therefore, Plaintiff is entitled to relief remedying all such violations of California access laws and standards. In addition, at Plaintiff's election, she is entitled to damages under California Civil Code § 52(a), for each offense, as expressly limited by Civil Code § 54.3(c).

37.    The amount of damages suffered by Plaintiff is not yet determined. When the amount is ascertained, she will ask the Court for leave to amend this Complaint to reflect this amount. Plaintiff is also entitled to statutory attorneys' fees and costs.

38.    Plaintiff seeks all of the relief available to Plaintiff under Civil Code §§ 51, 52 et. seq., including 52(a) and any other Civil Code Sections which provide relief for the discrimination suffered by Plaintiff, including statuary damages and attorneys' fees.

/ / / / /

/ / / / /

PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT

# V.

## SECOND CAUSE OF ACTION

### (LORETTA COY v. ALL DEFENDANTS, and DOES 1-100; VIOLATION OF DISABLED PERSONS ACT - CALIFORNIA CIVIL CODE § 54, et seq.)

39.     Plaintiff re-alleges and incorporates by reference each and every other allegation contained in this complaint as though set forth fully herein.

40.     Based on the facts plead herein above and elsewhere in this Complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by excluding from participation in, or be denied the benefits of the services, programs, or activities of a public accommodation. Moreover, Defendants are and were, subjecting Plaintiff to discrimination by denying disabled persons full and equal access to and enjoyment of the subject facilities and of Defendants' goods, services, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of California Civil Code § 54, et seq.

41.     Defendants' actions constitute a violation of Plaintiff's rights under California Civil Code § 54, et seq., and therefore Plaintiff is entitled to relief remedying all such violations of California access laws and standards. In addition, Plaintiff is entitled to damages under California Civil Code § 54.3(a) for each offense, as expressly limited by Civil Code § 54.3(c). The amount of damages suffered by Plaintiff is not yet determined. When the amount is ascertained, she will ask the Court for leave to amend this Complaint to reflect this amount. Plaintiff is also entitled to statutory attorneys' fees and costs.

42.     Plaintiff seeks all of the relief available to Plaintiff under Civil Code §§ 54, 54.1, 54.2, 54.3, and any other Civil Code Sections which provide relief for the discrimination suffered by Plaintiff, including damages and attorneys' fees; while, however, expressly excluding Civil Code § 55.

/ / / / /

PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT

**VI.**

**THIRD CAUSE OF ACTION**

**(LORETTA COY v. ALL DEFENDANTS, and DOES 1-100;**
**BREACH OF CONTRACT)**

43.   Plaintiff alleges and incorporates herein by reference all preceding paragraphs and allegations as if fully set forth herein, and averred against Defendants, and each of them.

44.   Before November 30, 2023, Plaintiff and Defendant entered into a contract whereby Defendants agreed to safely transport Plaintiff, as a disabled person, between Denver, Colorado, and the Honolulu Daniel K. Inouye Int. Airport, Honolulu, Hawaii.

45.   The purpose of the contract was to provide safe air travel between Denver, Colorado, and Honolulu, Hawaii.

46.   Due to her disability/mobility impairments, and for her safety and security, Plaintiff informed Defendants at the time of contracting that she required special assistance boarding and exiting the aircraft due to her disability.

47.   Despite this knowledge, Defendants failed to deliver and accommodate Plaintiff as she requested prior to booking travel with the Defendants.

48.   Defendant's failure to deliver the requested disabled related accommodations for her mobility impairments, including refusing to provide her with a wheelchair between her arrival and departing gates, constitutes a breach of contract.

49.   As a direct result of Defendants' breach, Plaintiff suffered and continues to suffer permanent injuries to her person, body, and health, as detailed herein above, and have been caused mental and physical anguish, all to her general damage.

50.   As a direct and proximate result of the Defendants, and DOES 1 through 100, and each of them, breach of contract as hereinabove alleged,  Plaintiff was hurt and injured in her health, strength and activity, in all parts of her body, and sustained shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous anxiety, and pain and suffering,

when she fell attempting to take herself, without any mobility assistance, between her arrival and departure gates, as she had requested before booking travel. Plaintiff, is informed and believes, and based thereupon allege, that said injuries will result in some permanent disability to Plaintiff, all to their general damage in an amount to be proven at trial. Plaintiff is informed and believe, and based thereupon allege, that the amount in controversy herein is in excess of Thirty-Five Thousand Dollars ($35,000.00) and is within the jurisdiction minimum of the unlimited division of the California Superior Court.

## VII.

## FOURTH CAUSE OF ACTION

### (LORETTA COY v. ALL DEFENDANTS, and DOES 1-100; NEGLIGENCE)

51.     Plaintiff alleges and incorporates herein by reference all preceding paragraphs and allegations as if fully set forth herein, and averred against Defendants, and each of them.

52.     Defendants, and DOES 1 through 40, and each of them, had a duty to exercise ordinary care in the operation of Defendants' airline and boarding processes.

53.     Defendants, and DOES 1 through 40, and each of them, failed to exercise ordinary care, as set forth more specifically above, including but not limited to the failure to, properly train and/or supervise employees/agents charges with direct duty to inspect the subject aircraft to make an ensure that it was safe and usable for the public, patrons, including disabled persons. Further to take all actions to comply with the disabled access laws of the State of California and the United States of America. Such wrongful conduct includes, but is not limited to:

a.     failing to properly hire, train and/or superiors employees and agents concerning the inspections, maintenance and operation of the subject aircraft;

b.     Failing to hire, train and supervise agents and employees charged with the direct inspection, repair, supervision, maintenance, control and safety of persons, including disabled persons within the subject aircraft; and,

c.   Failing to maintain the subject aircraft in a safe condition.

54.   As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer permanent injuries to her person, body, and health, as detailed herein above, and have been caused mental and physical anguish, all to her general damage in a sum in excess of the jurisdictional minimum of this Court.

55.   As a direct and proximate result of the negligence and carelessness of Defendants, and DOES 1 through 40, and each of them, as hereinabove alleged, Plaintiff was hurt and injured in her health, strength and activity, in all parts of her body, and sustained shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous anxiety, and pain and suffering.  Plaintiff is informed and believes, and based thereupon alleges, that said injuries will result in some permanent disability to Plaintiff, all to her general damage in an amount to be proven at trial.  Plaintiff is informed and believes, and based thereupon alleges, that the amount in controversy herein is in excess of Twenty-Five Thousand Dollars ($35,000.00) and is within the jurisdiction minimum of the unlimited division of the California Superior Court. ) and is within the jurisdiction of this Court.

## VIII.

## JURY DEMAND

56.   Plaintiff hereby requests a jury trial.

WHEREFORE, plaintiff, LORETTA COY, prays for judgment against the DEFENDANTS, and DOES 1 through 100, as follows:

1.   An award of general damages for plaintiff, LORETTA COY, all in an amount to be proven at trial;

2.   An award of compensatory damages for plaintiff, LORETTA COY, all in an amount to be proven at trial;

/ / / / /

PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT

3.  An award of special damages for plaintiff, LORETTA COY, all in an amount to be proven at trial;

4.  An award of medical and related expenses, past, present and future, for plaintiff, LORETTA COY, all in an amount to be proven at trial;

5.  An order awarding plaintiff, LORETTA COY, statutory damages for the violation of Plaintiff's civil rights and for restitution including, but not limited to, $4,000 per offense in damages for each occasion upon which the above-described discrimination and/or discriminatory policies/practices existed, pursuant to the applicable Civil Code Sections including, but not limited to, Civil Code § 52(a)  for each and every offense of Civil Code § 51, et. seq., all in an amount to be proven at trial;

6.  An order awarding plaintiff, LORETTA COY, statutory damages for the violation of Plaintiff's civil rights and for restitution including, but not limited to, $1,000 per offense in damages for each occasion upon which the above-described discrimination and/or discriminatory policies/practices existed, pursuant to the applicable Civil Code Sections including, but not limited to, Civil Code § 54.3(a)  for each and every offense of Civil Code § 54 , et. seq., all in an amount to be proven at trial;

7.  An award for plaintiff, LORETTA COY, of up to three times the amount of Plaintiff's actual damages pursuant to the Disabled Persons Act, all in an amount to be proven at trial pursuant to Civil Code § 54.3(a);

8.  For attorney's fees, litigation expenses and costs in bringing this case in an amount to be proven to the Court, including costs pursuant to Civil Code § 52(a), Civil Code § 54.3(a) and Government Code § 12965(b);

9.  For restitution and other equitable relief according to proof;

10. Interest as allowed by law; and,

/ / / / /

17
PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT

11. For such other and further relief that was requested that the Court deems just and proper and/or that the Jury awards and/or the Court orders.

Respectfully submitted,

DATED: April 22, 2026                    LAW OFFICES OF CHARLES S. ROSEMAN
                                         & ASSOCIATES


                                         By:   */s/ Richard D. Prager*
                                               CHARLES S. ROSEMAN, ESQ.
                                               RICHARD S. PRAGER, ESQ.
                                               Attorneys for Plaintiff,
                                               LORETTA COY

PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT