**TIMOTHY J. RYAN (SBN 99542)**
tryan@ryanlg.com
**REBEKKA R. MARTORANO (SBN 173600)**
rmartorano@ryanlg.com
**THE RYAN LAW GROUP**
400 Capitol Mall, Suite 2540
Sacramento, California 95814
Telephone: (916) 924-1912
Facsimile: (916) 923-3872

Attorneys for Defendant Southwest Airlines Co.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| LORETTA COY, an individual | Case No. 5:26-cv-02399-NW-NC |
| Plaintiff, | **NOTICE OF MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION ALLEGED IN PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 14); MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| SOUTHWEST AIRLINES CO., a Texas Corporation; G2 SECURE STAFF, L.L.C., a Texas Limited Liability Company; DOE GATE AGENT; DOE ATTENDANT; and DOES 1-100, Inclusive, | |
| Defendants. | DATE: July 1, 2026 TIME:  9 a.m. COURTROOM: 3 |
| | The Honorable Noël Wise |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 1, 2026, at 9 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the United States District Court, located at 280 South First Street, San Jose, California, defendant Southwest Airlines Co. ("Southwest") will move the Court for an order dismissing the first and second causes of action in the First Amended Complaint ("FAC" (ECF No. 14)) of plaintiff Loretta Coy ("Plaintiff"). In addition, Southwest will move for an order dismissing Plaintiff's prayers for statutory damages, treble damages and attorneys' fees.

///

Southwest's motion will be made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds:

1.    The facts alleged in support of the first cause of action (alleging violations of the California Unruh Civil Rights Act (the "Unruh Act")) and the second cause of action (alleging violations of the California Disabled Persons Act (the "CDPA")), fail to state a claim upon which relief may be granted because those claims are impliedly field preempted by federal law. Specifically, they are entirely preempted by the Air Carrier Access Act of 1986 ("the ACAA"), 49 U.S.C. § 41705, and the pervasive federal regulations promulgated to enforce the ACAA, 14 C.F.R. part 382.

2.    Even if the first cause of action alleging violations of the Unruh Act were not preempted, Plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted. Plaintiff has not alleged and cannot allege facts showing that the actions of Southwest were intentionally discriminatory, and that Plaintiff's disability was the motivating factor for the allegedly intentional discrimination.

3.    Even if the second cause of action alleging violations of the CDPA were not preempted, Plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted under the CDPA. Plaintiff has not alleged and cannot allege facts showing that Southwest denied her full and free use of a public building, public facility, or other public place.

4.    Plaintiff's prayers for statutory damages, treble damages and attorneys' fees should be dismissed because the causes of action upon which they are premised are not legally viable.

Southwest's motion will be based on this notice of motion and memorandum of points and authorities, the declaration of Rebekka Martorano, the files and records of the Court in this action, and any further evidence and argument that the Court may receive at or before the time of the hearing.

///

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Court should dismiss Plaintiff's first and second causes of action—for violations of the Unruh Act and the CDPA, respectively—because they are federally preempted. Further, Plaintiff fails to plausibly allege a claim under either statute.

Specifically, under Ninth Circuit precedent, Plaintiff cannot state actionable claims under the Unruh Act or the CDPA because each is impliedly preempted by the ACAA and the pervasive federal regulations promulgated to enforce the ACAA, 14 C.F.R. part 382. Without legally viable claims under these state statutes, it follows that Plaintiff cannot avail herself of the remedies those statutes might afford if her claims were not preempted. Such remedies include statutory penalties, treble damages, and attorneys' fees. Accordingly, the first and second causes of action and the statutory remedies based on those causes of action should be dismissed.

Plaintiff also fails to state a claim under either statute. With respect to her Unruh Act claim, Plaintiff has not alleged and cannot allege facts showing that the actions of Southwest were intentionally discriminatory, and that Plaintiff's disability was the motivating factor for the alleged discrimination. With respect to her CDPA claim, Plaintiff fails to plausibly allege facts showing that Southwest denied her full and free use of a public building, public facility, or other public place. In short, the Court should dismiss both causes of action.

### II.    STATEMENT OF THE CASE

On November 30, 2023, Plaintiff departed from Denver, Colorado, traveling on flight number WN2135, arriving at the Norman Y. Mineta San Jose International Airport (SJC), gate number C63, en route to depart to the Honolulu Hawaii airport from gate number 28. FAC (ECF 14) at 7:9-17. When she purchased her tickets, Plaintiff requested wheelchair assistance for transferring between her arrival gate and her departure gate at SJC. *Id.* at 7:20-27. According to Plaintiff, when she landed at SJC, she was not provided assistance in transferring her from her arrival gate to her departure gate to Hawaii, including failing to provide her with a wheelchair. *Id.* at 8:10-14. Instead, she was allegedly directed to take herself, unassisted, to the departure gate. *Id.* at 8:14-16.

Plaintiff alleges that while trying to reach the departure gate without assistance, she fell suffering injury. *Id.* at 8:21-27.

## III.   PROCEDURAL POSTURE

Plaintiff commenced this action with a complaint filed in the Santa Clara County Superior Court on November 24, 2025.  Southwest filed its notice of removal on March 19, 2026.  Following an effort to meet and confer regarding the issue of ACAA preemption as described in the declaration of Rebekka Martorano, Plaintiff filed her FAC on April 22, 2026.

Plaintiff's FAC alleges four causes of action arising from the same conduct, including two causes of action under California antidiscrimination statutes, the Unruh Act and the CDPA. In addition, Plaintiff alleges causes of action for breach of contract and negligence. As the FAC still includes causes of action under the Unruh Act and the CDPA, Southwest now moves to dismiss those causes of action.

## IV.   LEGAL STANDARDS

A motion to dismiss is appropriate when the plaintiff's allegations fail to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Here, the first and second causes of action are not legally cognizable because the state statutes upon which plaintiff relies are preempted by federal law.

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and alterations omitted). The court must accept as true all allegations of material facts set forth in the complaint, and draw reasonable inferences in the light most favorable to the plaintiff. *Pareto v. Fed. Deposit Ins. Co.*, 139 F.3d 696, 699 (9th Cir. 1998).

Federal preemption is an issue of law (*Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)), and therefore suitable for resolution by reference to the pleadings alone (i.e., on a motion to dismiss or motion for judgment on the pleadings). *Garland De Jesus v. Am. Airlines,*

*Inc.*, 532 F. Supp. 2d 345, 347 (D.P.R. 2007). See also *Lagomarsino v. Delta Airlines, Inc.,* No. CV 19-3131-DMG (GJSx), 2020 WL 1955314, *3 (C.D. Cal. Feb. 7, 2020) and *Azocar v. Delta Air Lines,* 562 F. Supp. 3d 788, 794 (C.D. Cal. 2021) (granting in both cases motions to dismiss Unruh Act and CDPA claims based on federal preemption).

## V.   LEGAL ARGUMENT

### A.   Implied Preemption Under the ACAA

It is a settled proposition that under the Constitution's Supremacy Clause (Art. VI, cl. 2), Congress has the power to preempt state law. *Arizona v. United States*, 567 U.S. 387, 399, 132 S. Ct. 2492, 2500 (2012). Federal law may preempt state law in three ways. *Nat'l Fed'n of the Blind v. United Airlines, Inc.*, 813 F.3d 718, 724 (9th Cir. 2016). At least one—implied field preemption—is implicated in this case.

"States are precluded from regulating conduct in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance." *Nat'l Fed'n of the Blind*, 813 F.3d at 724 (quoting *Arizona v. United States*, 132 S. Ct. at 2501). Even "in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively. Such an intent may be inferred from a 'scheme of federal regulation . . . so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,' or where an Act of Congress 'touches a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Id.*, 496 U.S. at 79 (quoting *Rice v. Santa Fe Elevator Corp*., 331 U.S. 218, 230 (1947)).

The ACAA is an amendment to the Federal Aviation Act of 1958, 49 U.S.C. § 40103, *et seq. Nat'l Fed'n of the Blind,* 813 F.3d at 729. "The Ninth Circuit has developed a two-step process for determining whether field preemption exists for an area regulated by the ACAA." *D.E. v. Am. Airlines, Inc.*, No. 3:18-cv-01649-IM, 2020 WL 877812, at *4 (D. Or. Feb. 21, 2020) (citing *Nat'l Fed. of the Blind*, 813 F.3d at 734). "First, the court must delineate the pertinent area of the regulations with specificity." *Id.* "Second, the court must survey the density, detail, and scope of the regulatory framework in that field." *Id.*

Here, with respect to the same regulations at issue in this case, the Ninth Circuit has already conducted this analysis. And, in doing so, the Court of Appeals found that the pervasive regulations evidence Congressional intent to preempt state law with respect to requests for assistance in moving through an airport. See *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1007 (9th Cir. 2013) ("as to assistance in moving through the airport: The ACAA regulations are pervasive as to when and where air carriers must provide such assistance. The regulations spell out in detail that air carriers must provide assistance when a passenger with a disability requests it for moving 'between gates to make a connection to another flight,' 14 C.F.R. § 382.91(a)…" and are therefore preemptive).

**B.      Because They Seek to Impose Statutory Standards of Care, Plaintiff's Claims Under the Unruh Act and the CDPA are Field Preempted by the ACAA**

Because Congress intended the ACAA to exclusively govern the airlines' standard of care in assisting passengers with disabilities as they move through the airport, a passenger may not sue an airline for a violation of a state law that prescribes its own standard of care for that conduct. The Unruh Act and the CDPA are such state laws.

Unlike the plaintiff in *Gilstrap*, who brought a California negligence cause of action premised on a violation of duties prescribed by the ACAA, the plaintiff in *Nat'l Fed'n of the Blind* sought relief under the Unruh Act and the CDPA, which are "prescriptive" California statutes that "control[] the primary conduct of those falling within [their] governance" and "prescrib[e] substantive standards of care." See *Nat'l Fed'n of the Blind*, 813 F.3d at 731; *see also Barnett v. Cass*, 522 F. Supp. 3d 780, 785 (D. Haw. Feb. 25, 2021) (citing *Nat'l Fed'n of the Blind* for the proposition "that while state remedies are available for breaches of standards of care set by the FAA, the statute wholly preempts 'claims brought under state statutes prescribing substantive standards of care'"). As just one example, 14 C.F.R. § 382.33(b)(1) proscribes restriction of movement of persons with disabilities within a terminal; that is as prescriptive as the CDPA's prohibition. Accordingly, Unruh Act and CDPA claims founded on allegations related to wheelchair accommodations when deplaning or moving through the airport are preempted.

///

*Lagomarsino,* 2020 WL 1955314 is instructive. There, the court considered claims similar to those presented by Plaintiff. Each case involved allegations that the plaintiff was not provided wheelchair accommodations when he [or she] deplaned at a connecting airport. *Id.* at *1. With respect to claims brought pursuant to state antidiscrimination statutes, including the Unruh Act and the CDPA, *Lagomarsino* found that "[t]he ACAA comprehensively addresses not only discrimination in the form of access to services and information, but also with respect to assisting disabled passengers in boarding, deplaning, and connecting to subsequent flights." *Id.* at *3 (citing 14 C.F.R. §§ 382.11-25, 382.91- 105). The Court explained that "[b]y implementing this comprehensive federal scheme, Congress has indicated its intent to occupy this field to the exclusion of state regulation. Thus, federal law preempts Lagomarsino's claims under Unruh, CDPA, and MERL." *Id.*

Similarly, in *Azocar,* 562 F. Supp. 3d 788, the plaintiff alleged that she fell while walking between terminals at Los Angeles International Airport after Delta Air Lines' agent allegedly refused to provide wheelchair assistance. (*Id*. at 790). The court granted Delta's motion to dismiss the plaintiff's claims for violation of the Unruh Act and the CDPA and associated remedies on the basis of ACAA preemption. (*Id*. at 794).

In sum, Plaintiff's Unruh Act and CDPA claims are founded on allegations that Southwest failed to provide her with wheelchair assistance in moving through the airport. Thus, under directly applicable precedent, Plaintiff's Unruh Act and CDPA causes of action are preempted by the ACAA and should be dismissed.

**C.     Plaintiff Fails to Plausibly Allege Claims Under the Unruh Act and the CDPA.**

*1.     Plaintiff Has Not Alleged Intentional Discrimination Under the Unruh Act*

Plaintiff's first cause of action for violation of the UCRA also fails because she has failed to plead specific facts to establish that Southwest's actions were intentionally discriminatory. "A plaintiff bringing an Unruh Act violation claim cannot allege intentional discrimination in a conclusory fashion." *Williams v. Twin Rivers Unified Sch. Dist.*, No. 2:17-cv-02364-JAM-DB,

2018 WL 4735734, at *2 (E.D. Cal. Sep. 27, 2018) (citing *Grier v. Brown*, 230 F. Supp. 2d 1108, 1120 (N.D. Cal. 2002) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) and *Sargoy v. Resolution Trust Corp.*, 8 Cal. App. 4th 1039, 1048 (1992); see also *Azocar*, 562 F. Supp. 3d at 794-795.

Here, Plaintiff's allegations regarding discriminatory intent are entirely conclusory. She alleges that she was "denied full and equal access to the facilities owned and/or operated by the Defendants because the services were inaccessible to members of the disabled community who use mobility aids," and that "the existence of said barriers… evidenced 'actual notice' of Defendants' intent not to comply with" federal and state disability laws. FAC at ¶26-27. No supporting *facts* are alleged. Moreover, nowhere does Plaintiff allege that her disability was a motivating factor for the alleged failure to provide her with a wheelchair. See *Goldsmith v. CVS Pharmacy*, No. CV 20-00750-AB (JCx), 2020 WL 3966004, at *5 (C.D. Cal. May 5, 2020).

Plaintiff has not pleaded any fact-supported allegations of intentional discrimination based upon her disability. Therefore, even if the Unruh Act claim were not preempted, it fails, nevertheless.

### 2. Plaintiff Has Not Alleged that Southwest Denied Her Access to any Location at SJC

The CDPA provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Cal. Civ. Code § 54(a).

Here, Plaintiff does not allege that Southwest denied her access to public places within SJC. Rather, she alleges that Southwest should have provided her assistance in transiting between gates. Because she does not contend she was denied access to places within the airport because of her disability, she fails to state an actionable claim for violation of the CDPA, even assuming that cause of action was not preempted.

///

///

**D.    Plaintiff's Request for Statutory Damages, Treble Damages, and Attorneys' Fees Should be Dismissed**

Since the first and second causes of action are not legally viable and should be dismissed, so too should the accompanying requests for statutory damages, treble damages, and attorneys' fees. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010) (citation omitted) holds that "Rule 12(f) does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law." Southwest therefore seeks *dismissal* of Plaintiff's requests for relief that are based upon the statutory claims that should be dismissed. See *Angel v. Golden Valley,* No. 10-cv-890 LJO DLB, 2011 WL 201465, at *2 (E.D. Cal. Jan. 20, 2011) (construing motion to strike claim for unavailable statutory penalties as a motion to dismiss).

Plaintiff cannot recover statutory damages, treble damages, or attorneys' fees even if she could successfully prove her negligence or breach of contract claims. Because those are the only claims that she can pursue, Plaintiff's request for these remedies should be dismissed.

**E.    Since Amendment Would be Futile, Leave to Amend Should be Denied**

"Although leave to amend 'shall be freely given when justice so requires,' it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986). (quoting Fed. R. Civ. P. 15(a)). So it is here.

"Preemption is almost always a legal question, the resolution of which is rarely aided by development of a more complete factual record." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1145 (9th Cir. 2015). Accordingly, and because leave to amend these claims that are wholly preempted by federal law would be futile, the claims – and the related requests for relief – should be dismissed without leave to amend. See, e.g., *Fennix v. Tenderloin Hous. Clinic, Inc.*, No. 20-cv-05207-DMR, 2020 WL 6462394, at *7 (N.D. Cal. Nov. 3, 2020).

**F.    This Court Has Diversity Jurisdiction**

Plaintiff's FAC has been amended to name additional defendants, including DOE GATE AGENT and DOE ATTENDANT, both of whom allegedly reside in California.  FAC at 2:16-19. However, the citizenship of Doe defendants is disregarded for the purpose of determining

removability.  28 U.S.C. section 1441(b)(1) reads: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the *citizenship of defendants sued under fictitious names shall be disregarded*." 28 U.S.C. § 1441(b)(1) (emphasis added). The Ninth Circuit has held that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002), see also *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *3 (C.D. Cal. Apr. 3, 2020).

## VI.    CONCLUSION

The ACAA wholly preempts California's prescriptive antidiscrimination statutes, the Unruh Act and the CDPA. Because those state statutory claims are entirely preempted, the first and second causes of action in the FAC should be dismissed. Along with those claims, the related remedies—statutory damages, treble damages, and attorneys' fees—should also be dismissed. Finally, because implied field preemption under the ACAA is a dispositive legal issue, leave to amend is futile and therefore properly denied.

Dated: May 22, 2026                                   **THE RYAN LAW GROUP**

By:   */s/ Rebekka Martorano*
         TIMOTHY J. RYAN
         REBEKKA R. MARTORANO
         Attorneys for Defendant
         Southwest Airlines Co.