Charles S. Roseman, Esq. – 051453
Richard D. Prager, Esq. – 174788
LAW OFFICES OF CHARLES S. ROSEMAN
   & ASSOCIATES
1761 Hotel Circle South, Suite 250
San Diego, California  92108
Telephone:  (619) 544-1500
Facsimile:  (619) 239-6411

Attorneys for Plaintiff,
LORETTA COY

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| LORETTA COY,<br><br>      Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., a Texas Corporation; G2 SECURE STAFF, L.L.C., a Texas Limited Liability Company; DOE GATE AGENT; DOE ATTENDANT; and, DOES 1 to 100, Inclusive,<br><br>      Defendants. | Case No.:  5:26-cv-02399-NW-NC<br><br>[Santa Clara Superior Court Case No. 25CV481152]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INCLUDING ARGUMENTS THAT THE COURT LACKS DIVERSITY JURISDICTION**<br><br>(ECF No. 20)<br><br>Date:       July 1, 2026<br>Time:      9:00 a.m.<br>Dept.:      3<br>District Judge : Hon. Noël Wise<br><br>Magistrate Judge: Hon. Nathanael M. Cousins<br><br>Action Removed: March 19, 2026<br>Trial Date: Not Yet Set |

Plaintiff, LORETTA COY (hereinafter referred to as "Plaintiff"), hereby opposes defendant, SOUTHWEST AIRLINES CO.'S ("Southwest") Motion to Dismiss ("MTD") (ECF No. 15) the first and second causes of action in Plaintiff's First Amended Complaint ("FAC") (ECF No. 14), and the FAC's prayer for statutory damages, and attorneys' fees as follows:

/ / / / /

## I. INTRODUCTION

In response to Southwest's MTD, Plaintiff filed her FAC adding defendant, G2 SECURE STAFF, L.L.C., a Texas Limited Liability Company ("G2"), defendant, DOE GATE AGENT ("GATE AGENT") and defendant, DOE ATTENDANT ("ATTENDANT") to her operative complaint. Hereinafter, Southwest, G2, GATE AGENT and ATTENDANT shall be collectively known as "Defendants".

Because Plaintiff's FAC plead the identities of GATE AGENT and ATTENDANT with such specific detail, these two defendants must be regarded as citizens of California. Given that Plaintiff's FAC alleges that she is a citizen of California (FAC, Par. 2); GATE AGENT is a citizen of California (FAC, Par. 3(c); and, ATTENDANT (FAC, Par. 3(d)) is a citizen of California, diversity jurisdiction has been destroyed. Accordingly, this matter should be remanded back to the Santa Clara Superior Court Case for proper consideration of the issues presented by Southwest's MTD.

Should the Court elect to consider Southwest's MTD, Plaintiff will abandon her first cause of action alleging violations of the Unruh Civil Rights Act. Otherwise, Plaintiff contests Southwest's MTD, including the attack to Plaintiff's California Disabled Person Act claim ("CDPA"), including a pray for statutory damages, and attorneys' fees. Contrary to SOUTHWEST'S characterization of the FAC as seeking "treble damages," only statutory damages are sought. Statutory damages which may allow the trier of fact to award up to "three times" the amount of actual damages. Please see CACI 3067 and CACI VF-3030, discussing California Civil Code Sections 52(h), 54, et seq., and 54.3(a). These are not treble damages, but rather the amount of statutory damages as established by the State of California as codified by California Civil Code Section 54.3(a).

Given that no diversity jurisdiction exists, Plaintiff moves the Court to remand this action back to the Santa Clara Superior Court for want of federal jurisdiction regarding the issues involving the CDPA, statutory damages, and attorneys' fees.

## II. ARGUMENT

**A.     Federal Precedent Requires The Court Remand This Matter To The Superior Court Because Diversity Jurisdiction Appears Improper**

Pursuant to 28 U.S.C. §1441 et seq., a defendant may remove to federal district court cases originally brought in state court over which federal jurisdiction nonetheless exists. Removing defendants, however, have the burden of establishing federal jurisdiction, and the federal court is obliged to reject jurisdiction if any doubt exists as to its propriety. Please see *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Federal jurisdiction is strictly controlled because courts generally favor allowing plaintiffs to pursue their claims in courts of their own choosing. Removal may be premised on the existence of complete diversity of citizenship of the parties.

Plaintiff alleges, on information and belief, the following facts regarding GATE AGENT:

"GATE AGENT, and DOES 40 through 60, and each of them, were persons who assisted, communicated, and interacted directly with Plaintiff in the aircraft, at the gate, and on the jet way, as more fully set forth herein. GATE AGENT identified themselves to Plaintiff as agents/employees of AIRLINE, and was wearing a uniform with insignias and an identification badge indicating she/he was the agent and/or employee of AIRLINE. While Plaintiff does not know GATE AGENT'S name, said individual's role in the events set forth herein is known with certainty. Plaintiff alleges, on information and belief, that GATE AGENT was not part of the flight crew and was in fact assigned to work at Norman Y. Mineta San Jose International Airport. It is further alleged, that this individual was at all times relevant herein a resident of the County of Santa Clara, State of California."

Please see the FAC, pg. 4, par. 3(c), lns. 16-27. Further, Plaintiff alleges, the following facts regarding ATTENDANT:

"ATTENDANT, and DOES 60 through 100, and each of them, were persons who assisted, communicated, and interacted directly with Plaintiff in the aircraft, at the gate, and on the jet way, as more fully set forth herein. ATTENDANT identified themselves to Plaintiff as agents/employees of GROUND SERVICE, and was wearing a uniform with insignias and an identification badge indicating she/he was the agent and/or employee of GROUND SERVICE. While Plaintiff does not know ATTENDANT'S name, said individual's role in the events set forth herein is known with certainty. Plaintiff alleges, on information and belief, that ATTENDANT

was not part of the flight crew and was in fact assigned to work at Norman Y. Mineta San Jose International Airport. It is further alleged, that this individual was at all times relevant herein a resident of the County of Santa Clara, State of California. Plaintiff prays leave of Court to amend and/or supplement this Complaint to include the exact form of name, or to prove same at time of trial.

Please see the FAC, pg. 5, par. 3(d), lns. 2-14.  Plaintiff further alleges that GATE AGENT and ATTENDANT, as part of the collective "Defendants" did deny Plaintiff "legally requested and required pre-boarding assistance" resulting in injury:

"16. On or about November 30, 2023, Plaintiff landed at the Norman Y. Mineta San Jose International Airport. Defendants, and each of them, refused to provide mobility and/or disabled assistance, including, but not limited to failing to provide a wheelchair for transportation, to LORETTA COY, in transferring from her arrival gate to her departure gate to Honolulu Daniel K. Inouye Int. Airport. Instead, Defendants, and each of them, directed plaintiff, LORETTA COY, to take herself, unassisted and without a wheelchair, to the subject departure gate to the Honolulu Daniel K. Inouye Int. Airport.

17. At times relevant herein Defendants, DOES 1 through 100, and each of them, including their agents and/or operators each individually, and collectively, failed to properly provide Plaintiff with legally requested and required pre-boarding assistance, and transfer assistance between her arrival and departure gates.

18. Due to Defendants' failure to provide Plaintiff with the legally requested and required pre-boarding assistance, and transfer assistance between her arrival and departure gates, as required by law, as Defendants had promised to Plaintiff, and because of said discriminatory and negligent conduct LORETTA COY was caused to fall from in the Norman Y. Mineta San Jose International Airport as she attempted to walk, without any assistance, including, but not limited to wheelchair assistance, between her arrival and departure gates suffering injury."

Please see the FAC, pg. 8, pars. 16, 17 and 18.  The date, place, nearly exact location, persons involved and offending conduct causing harm were all expressly set forth in Plaintiff's FAC.  The only thing presently unknown to Plaintiff, but presumable know to Defendants, is the actual names of GATE AGENT and ATTENDANT.  When a doe  is described with particularity, their state of residence will not be disregarded for determining diversity.

As expressed in *Robinson v. Lowe's Home Ctrs*., LLC, 2015 U.S. Dist. LEXIS 154077 (2020) ("*Robinson*"), at pg. 10:

/ / / / /

"A threshold question...is whether Plaintiff's naming the Doe Defendants in her complaint destroys diversity jurisdiction. The Court recently attempted to reconcile the convoluted and unsettled case law on this subject. See *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, No. 1:15-cv-751-LJO-JLT, 2015 U.S. Dist. LEXIS 128781, 2015 WL 5646648 (E.D. Cal. Sept. 24, 2015). Briefly summarized, the Court has concluded that the Court must assess whether Plaintiff's "description of Doe [D]efendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." 2015 U.S. Dist. LEXIS 128781, [WL] at *7. If the "charges against [Doe Defendants] are so general that [*9] no clues exist as to their identity, citizenship, or relation to the action, the Court may disregard these fictitious defendants for jurisdictional purposes." *Id*. If, however, Plaintiff's allegations that concern the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity jurisdiction. See id.; see also *Fisher v. Direct TV, Inc.*, No. CV 13-68-M-DWM-JCL, 2013 U.S. Dist. LEXIS 71219, 2013 WL 2152668, at *4 (D. Mont. May 16, 2013).

Here, as detailed above, Plaintiff plead a "description of Doe [D]efendants or their activities" in specific detail to "suggest their identity, citizenship, or relationship to the action" providing "a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity jurisdiction." *Id*.

Plaintiff concedes the "convoluted and unsettled case law on this subject" detailed by *Robinson* regarding removability and the tension between *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir. 1980), holding that the "mere presence of Doe defendants destroys diversity jurisdiction" and *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 802 (9th Cir. 1986) holding that "California Doe practice" is "a substantive state law to be followed rather than procedural state law to be ignored in favor of federal rules." Please see *Rocha v. Walmart, Inc.*, 2025 U.S. Dist. LEXIS 267616, 2025 LX 644320, 2025 WL 3764134 (2025), pgs. 4 and 7.

In the case at bar, GATE AGENT and ATTENDANT will be ascertained and added to Plaintiff's FAC following their identification by discovery and/or initial disclosures. The exactitude of Plaintiff's FAC requires that GATE AGENT and ATTENDANT be consider citizens of California defeating diversity jurisdiction. Accordingly, it remains inevitable that Southwest will lose subject matter jurisdiction in this case and the matter should be immediately returned to the Superior Court.

**B.    Based Upon Its' Own Motion, The Court Should Remand This Matter Back To The Superior Court Because Diversity Jurisdiction Is Destroyed**

Federal Rules of Civil Procedure ("FRCP") 12(h)(3) provides: "Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  The court may consider the question of subject matter jurisdiction, on its' own motion, at any point in the litigation prior to final judgment. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  If GATE AGENT and ATTENDANT are truly diverse, the later served defendants will have an opportunity to remove this case to federal court to protect their interests.  If GATE AGENT and ATTENDANT are truly not diverse, this case will remain in the Superior Court where it belongs.

**C.    Should the Court Consider Southwest's Motion to Dismiss Plaintiff Concedes And Abandons Her Unruh Civil Rights Act Claim**

In the event that the Court proceeds forward to decide Southwest's MTD, Plaintiff will agree to abandon her First Cause of Action alleging violations of the Unruh Civil Rights Act in favor of standing on her CDPA claim.

**D.    Plaintiff's California Disabled Person Act Claim Remains Viable Overcoming Southwest's Motion to Dismiss**

Southwest's own MTD concedes the ongoing viability of Plaintiff's CDPA claim.  First, we observe that Plaintiff is not seeking injunctive relief to compel any Defendant to do anything regarding disabled access in or about airports, nor air travel.  Instead, Plaintiff's FAC only seeks damages against the Defendants for their alleged negligent and discriminatory conduct.  The FAC does not allege Defendants are common carriers as defined by California state law.  The FAC does not allege any state law standards that conflict with any federal regulations or standards regarding air travel.  In fact, the FAC adopts the express federal standards which are expressly incorporated into the CDPA as pled thusly:

/ / / / /

"21. Plaintiff, on information and belief, alleges that Defendants and each of them, failed to provide Plaintiff with disabled assistance and to safely enplane or board LORETTA COY into her departing aircraft. Defendants' failure to employ the correct enplanement, boarding and/or passenger loading procedures and/or to offer Plaintiff assistance when requested was in violation of California Civil Code § 54, et seq., and more specifically California Civil Code §§ 54.1(a)(3) **as it explicitly incorporates** the denial of "Full and equal access" into said California Civil Code Sections as a separate and independent violation of Plaintiff's state law rights, including, but not limited to **CFR §§ 382, et. seq.**, and the **Technical Assistance Manual (TAM) for airlines and passengers with disabilities under the ACAA**." (Emphasis added) FAC, pg. 9, par. 21.

Accordingly, Plaintiff's FAC presents a cause of action for additional state law remedies predicated upon federal standards in air travel. This does not run afoul of any federal preemption because the FAC does not attempt to substitute a state standard for any federal standards. An excellent and concise statement supporting the viability of this proposition comes from Southwest's own MTD; "*Barnett v. Cass*, 522 F. Supp. 3d 780, 785 (D. Haw. Feb. 25, 2021) (citing *Nat'l Fed'n of the Blind* for the proposition 'that while state remedies are available for breaches of standards of care set by the FAA, the statute wholly preempts 'claims brought under state statutes prescribing substantive standards of care')" ("*Barnett*"). *Id*. MTD, pg. 6, lns. 20-24.

In *Barnett*, the court ordered remand of an aviation case to state court declaring that, "Plaintiffs may pursue their claims in state court, but they shall not substitute the applicable FAA standards of care with any alternative state law standards of care." As detailed in par. 21, Plaintiff's FAC employs federal standards, including CFR § 382, et. seq., and "the Technical Assistance Manual (TAM) for airlines and passengers with disabilities under the ACAA [Air Carriers Access Act]" as a basis for detailing the Defendant's denial of "Full and equal access" to Plaintiff.

Close consideration of *Nat'l Fed'n of the Blind v. United Airlines, Inc*., 813 F.3d 718, 731 (9th Cir. 2016) ("*Nat'l*") is warranted. Unlike *Nat'l*, Plaintiff is not raising any concerns regarding airport facilities (kiosks) and is not moving to compel an airport, and/or an airline to do anything new or novel regarding disabled air travelers. Instead, Plaintiff's FAC simply alleges the Defendants, including GATE

AGENT and ATTENDANT, violated the existing federal ACAA standards causing her injury as detailed herein.  As *Barnett* and *Nat'l* reason, Plaintiff can pursue state law remedies so long as they conform to federal standards of care.

**E.    Because Plaintiff's California Disabled Person Act Claim Remains Viable, Her Corresponding State Law Claims for State Law Damages Also Remains Viable**

Southwest's MTD reaches the conclusion that because Plaintiff's CDPA claim, pursuant to California Civil Code Section 54(a), is not viable the corresponding CDPA damage claims are likewise not viable.  Southwest also alleges that Plaintiff's CDPA claims are not plead with specificity.  MTD, pg. 8, lns. 16-26.

Southwest reads California Civil Code Section 54.1, et seq., entirely out of Plaintiff's FAC and its' own MTD.  Civil Code Section 54.1(a)(1) reads,

"Access to public conveyances, places of public accommodations, amusement or resort and housing accommodations

(a)(1) Individuals with disabilities shall be entitled to full and equal access,...to accommodations, advantages, facilities,...,of all common carries, airplanes,...or any other public conveyances or modes of transportation...to which the general public is invited, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." *Id*.

Please see FAC at pars. 3, 21 and 42.  Civil Code Section 54(a) is more limited than section 54.1(a)(1) which is why Southwest's MTD fails to address said section. Moreover, the reference to "subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons" further establishes that the CDPA is not attempting to replace federal laws and/or standards. To the contrary, the CDPA is adopting federal standards to effectuate "full and equal access" consistent with the controlling federal standards.  *Id*.

**F.    The Federal Aviation Act's Saving Clauses Requires Denying Southwest's Motion to Dismiss**

The Federal Aviation Act ("FAA") is the act that regulates air travel and is the regulatory underpinnings of the ACAA.  The FAA has a "savings clause". Please see 49 U.S.C. § 40120(c), holding that: "(c)Additional Remedies.— A remedy under this

part is in addition to any other remedies provided by law." *Id*.

*Barnett* discussed the FAA's saving clause in relation to the viability of state law causes of action;

"Indeed, *Ventress* explains that the FAA's savings clause, 49 U.S.C. § 40120(c), [footnote and page cite omitted] establishes that 'even where federal law preempts state law standards of aviation safety...'traditional state and territorial law remedies continue to exist for violation of those standards.'" 747 F.3d at 723 n.7 (emphasis in original) (quoting *Abdullah v. Am. Airlines*, Inc., 181 F.3d 363, 375 (3d. Cir. 1999)); *see also Gilstrap*, 709 F.3d at 1007 (explaining that in pervasively regulated areas, the FAA and FARs "preempt any different or higher standard of care that may exist under [state] tort law" but that plaintiffs "may still rely on [state] tort law to prove the other elements of [their] claims—breach, causation, damages, and remedies"); *Joseph v. Berkeley Grp., LLC*, 823 F. Appx. 472, 473 (9th Cir. 2020) (mem.) ("The [FAA's] savings clause allows state tort law to provide ***additional remedies*** where a plaintiff alleges a violation of the safety standards set by federal regulations."); see also *Nat'l Fed'n of the Blind v. United Airlines*, Inc., 813 F.3d 718, 731 (9th Cir. 2016) (holding that while state remedies are available for breaches of standards of care set by the FAA, the statute wholly preempts "claims brought under state statutes prescribing substantive standards of care")[footnote omitted]." (Emphasis added) *Id*. at 784-785.

*Burgess v. Novictor Aviation LLC*, 2021 U.S. Dist. LEXIS 149664, 2021 WL 3510679 (2021) ("*Burgess*") is even more direct:

*Barnett* set forth the Ninth Circuit law on FAA preemption, explaining that the FAA and FARs "'occup[y] the entire field of aviation safety,' and that Congress 'clearly indicated its intent to be the sole regulator' of this field." Id. at *2 (quoting *Ventress v. Japan Airlines*, 747 F.3d 716, 721 (9th Cir. 2014)). But, as *Barnett* further explains, "'the scope of field preemption extends only to the standard of care.'" *Id*. at *3 (quoting *Gilstrap v. United Air Lines, Inc*., 709 F.3d 995, 1006 (9th Cir. 2013)). Indeed, "the FAA's savings clause, 49 U.S.C. § 40120(c), establishes that 'even where [*8] federal law preempts state law standards of aviation safety . . . traditional state and territorial law remedies continue to exist for violation of those standards.'" *Id*. (quoting *Ventress*, 747 F.3d at 723 n.7); *see also Gilstrap*, 709 F.3d at 1007 (explaining that the FAA and FARs "preempt any different or higher standard of care that may exist under [state] tort law" but that plaintiffs "may still rely on [state] tort law to prove the other elements of [their] claims—breach, causation, damages, and remedies"). *Id*., at 7-8.

*Burgess* expressly holds that state law remedies survive federal preemption, so long as the are predicated upon federal standards. As detailed herein, Plaintiff's FAC pleads for state law remedies predicated upon federal standards. Thus, Southwest's MTD must be denied.

////

### G.    Plaintiff Requests Leave to Amend

In the event that Southwest's MTD is granted in full, and/or in part, Plaintiff hereby request leave to amend her FAC.  This is the first attack on Plaintiff's FAC to be heard by the Court.  Southwest's MTD fails to establish that Plaintiff maybe unable to plead any new and/or different facts, law and/or causes to warrant the granting of its' MTD without leave to amend.

## III.  CONCLUSION

For the above and foregoing reasons, Plaintiff moves the Court to deny SOUTHWEST'S Motion to Dismiss and further determine that this Court lacks jurisdiction, returning this matter to the Superior Court.

Respectfully submitted,

DATED: June 5, 2026          LAW OFFICES OF CHARLES S. ROSEMAN
                                          & ASSOCIATES

                                   By:    */s/Richard D. Prager*
                                          CHARLES S. ROSEMAN, ESQ.
                                          RICHARD S. PRAGER, ESQ.
                                          Attorneys for Plaintiff,
                                          LORETTA COY