**TIMOTHY J. RYAN (SBN 99542)**
tryan@ryanlg.com
**REBEKKA R. MARTORANO (SBN 173600)**
rmartorano@ryanlg.com
**THE RYAN LAW GROUP**
2600 Capitol Mall, Suite 400
Sacramento, California 95816
Telephone: (916) 924-1912
Facsimile: (916) 923-3872

Attorneys for Defendant Southwest Airlines Co.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| LORETTA COY, an individual | Case No. 5:26-cv-02399-NW-NC |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION ALLEGED IN PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| SOUTHWEST AIRLINES CO., a Texas Corporation; G2 SECURE STAFF, L.L.C., a Texas Limited Liability Company; DOE GATE AGENT; DOE ATTENDANT; and DOES 1-100, Inclusive, | DATE: July 1, 2026 TIME: 9 a.m. COURTROOM: 3 |
| Defendants. | The Honorable Noël Wise |

## I.    INTRODUCTION

Plaintiff's opposition raises two arguments, neither of which support denial of Southwest's motion to dismiss Plaintiff's first and second causes of action for violations of the California Unruh Civil Rights Act (the "Unruh Act") and the California Disabled Persons Act (the "CDPA"). First, Plaintiff argues that this Court does not have diversity jurisdiction because Plaintiff's First Amended Complaint identifies two Doe defendants who allegedly are citizens of California. Plaintiff's argument has no merit, because unnamed Doe defendants are not to be considered for the purpose of diversity jurisdiction. Secondly, Plaintiff argues that federal preemption applies

only to her Unruh cause of action, not to her cause of action under the CDPA.  In doing so, Plaintiff ignores multiple cases cited by Southwest, including cases involving very similar factual allegations, in which ACAA preemption resulted in causes of action under both Unruh and the CDPA being dismissed.

## II.   DISCUSSION

### a.   This Court Has Diversity Jurisdiction

As anticipated, Plaintiff contends that her identifying two Doe Defendants—DOE GATE AGENT and DOE ATTENDANT—should result in this Court losing jurisdiction because these Doe defendants allegedly reside in California.  However, the citizenship of Doe defendants is disregarded for the purpose of determining removability.  28 U.S.C. section 1441(b)(1) reads: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the *citizenship of defendants sued under fictitious names shall be disregarded*." (28 U.S.C. § 1441(b)(1) (emphasis added)). The Ninth Circuit has held that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." (*Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002), see also *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *3-4 (C.D. Cal. Apr. 3, 2020)).

In *Goldsmith*, the plaintiff argued that his allegations regarding Doe defendants, in particular a pharmacist whom he claimed has confiscated his prescription and was alleged to be an employee of CVS in California, defeated federal diversity jurisdiction.  (*Goldsmith* at *3). *Goldsmith* acknowledged that other courts had found that the question as to whether Doe defendants may destroy diversity was a "convoluted and unsettled" one, referring to *Robinson v. Lowe's Home Centers, LLC*, No. 1:15-cv-1321-LJO-SMS, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015) and *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, No. 1:15-cv-751-LJO-JLT, 2015 WL 5646648, at *7 (E.D. Cal. Sept. 24, 2015), cases also cited by Plaintiff.  (*Goldsmith* at *4).  Nonetheless, *Goldsmith* found "that the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage." (*Ibid)*.  Similarly, this Court

should not consider the alleged citizenship of DOE GATE AGENT and DOE ATTENDANT for purposes of diversity jurisdiction.

*Goldsmith* added that "…even if the Court did not construe 28 U.S.C. § 1441(b)(1) in this way, it nevertheless agrees with [the defendant] that 'even if identified at some later date, the pharmacists and/or pharmacy employees who may have been involved in the incident described by Plaintiff are employees and/or agents of CVS acting within the course and scope of their agency, and as such, their joinder is unnecessary.'" (*Ibid*).  Similarly, even if Plaintiff were to identify and seek to add Southwest's gate agent (DOE GATE AGENT) and the attendant for G2 Secure Staff, LLC (DOE ATTENDANT), because these individual defendants are alleged to be agents or employees of Southwest and G2 which are also named as defendants, their joinder is unnecessary to the resolution of Plaintiff's claims.  (See also *Robinson*, *supra*, at \*5 and *Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-cv-1140-ODW-AGR, 2015 WL 3889289, at \*3 (C.D. Cal. June 24, 2015), both cases in which a plaintiff's attempt to destroy diversity jurisdiction by adding individual employees as defendants was denied).

**b.      ACAA Preemption Applies to Plaintiff's CDPA Claim**

Plaintiff concedes that her claim under Unruh should be dismissed but contends that her CDPA claim is not subject to ACAA preemption.  However, *Nat'l Fed'n of the Blind v. United Airlines, Inc.*, 813 F.3d 718 (9th Cir. 2016), involving causes of action for violation of the Unruh act and the CDPA, concluded that both causes of action were impliedly field preempted by the ACAA and 14 C.F.R. § 382.57, and affirmed the district court's dismissal of both claims.  (*Id*. at 740).  Relying on *Nat'l Fed'n of the Blind*, *Lagomarsino v. Delta Airlines, Inc.,* No. CV 19-3131-DMG (GJSx), 2020 WL 1955314 (C.D. Cal. Feb. 7, 2020) and *Azocar v. Delta Air Lines,* 562 F. Supp. 3d 788, 794 (C.D. Cal. 2021) granted motions to dismiss Unruh Act and CDPA claims based on ACAA preemption, in cases involving similar factual allegations as in this case, namely an injury resulting from the alleged failure to provide wheelchair assistance with moving through the terminal.  There is no reason the result in this case should be any different, and both Plaintiff's Unruh Act and CDPA claims should be dismissed.

///

*Nat'l Fed'n of the Blind* also puts to rest Plaintiff's argument that her CDPA claim is preserved by the savings clause of the FAA, which provides that "[a] remedy under this part is in addition to any other remedies provided by law." 49 U.S.C. § 40120(c). As the Ninth Circuit explained, "[t]o interpret § 40120(c) as preserving any state-law claim not preempted under the ADA [referring to the Airline Deregulation Act of 1978, 49 U.S.C. § 41713] – including claims involving areas pervasively regulated by the DOT, such that Congressional intent to 'occupy a field exclusively' would otherwise be inferred – would allow the FAA to 'defeat its own objectives.'" *Nat'l Fed'n of the Blind*, 813 F.3d at 732 (internal citations omitted).

## III.   CONCLUSION

The ACAA wholly preempts California's prescriptive antidiscrimination statutes, the Unruh Act and the CDPA. Because those state statutory claims are entirely preempted, the first and second causes of action in the FAC should be dismissed. Along with those claims, the related remedies—statutory damages, treble damages, and attorneys' fees—should also be dismissed. Finally, because implied field preemption under the ACAA is a dispositive legal issue, leave to amend is futile and therefore properly denied.

Dated: June 12, 2026

THE RYAN LAW GROUP

By:   */s/ Rebekka Martorano*
TIMOTHY J. RYAN
REBEKKA R. MARTORANO
Attorneys for Defendant
Southwest Airlines Co.