UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORETTA COY,

        Plaintiff,

    v.

SOUTHWEST AIRLINES CO., et al.,

        Defendants.

Case No. 26-cv-02399-NW

**ORDER GRANTING MOTION TO DISMISS COUNTS I AND II**

Re: ECF No. 15

Before the Court is Defendant Southwest Airlines Co.'s ("Southwest") partial motion to dismiss Plaintiff Loretta Coy's first amended complaint ("FAC").  Mot., ECF No. 15.  For the reasons set forth below, Southwest's motion is GRANTED and Counts I and II of the FAC are DISMISSED WITH PREJUDICE.

## I.    BACKGROUND

The facts of this action are straightforward.[1]  Plaintiff requires mobility assistance when travelling.  While booking a trip with Southwest for November 30, 2023, Plaintiff requested disability accommodations "including, but not limited to loading, unloading and transferring with wheelchair [sic] assitance, regarding transferring between her arrival gate at the Norman Y. Mineta San Jose International Airport [("SJC")]and her departing gate."  FAC ¶ 14, ECF No. 14. In all communications between Plaintiff and Southwest prior to November 30, 2023, Southwest repeatedly assured her that it had arranged the necessary accommodations.  *Id.* ¶ 15.

But when Plaintiff arrived at SJC, she alleges that Southwest and the other Defendants "refused to provide mobility and/or disabled assistance."  *Id.* ¶ 16.  As a result, Plaintiff was not

---

[1] The factual allegations are drawn from the FAC.  ECF No. 14.

United States District Court
Northern District of California

afforded "the legally requested and required pre-boarding assistance, and transfer assistance between her arrival and departure gates." *Id.* ¶ 18.  Plaintiff attempted to take herself to her departure gate but allegedly fell and suffered injury.

On November 24, 2025, Plaintiff filed suit against Southwest and dozens of Doe Defendants in Santa Clara County Superior Court.  Plaintiff served Southwest on February 17, 2026, and Southwest timely removed the action to federal court.  ECF No. 1.  On April 22, 2026, Plaintiff filed an amended complaint that added G2 Secure Staff, L.L.C. as an additional Defendant.  ECF No. 14.  As of the date of this Order, G2 Secure Staff has not been served.

Plaintiff's FAC alleges four causes of action arising from the same conduct, including two causes of action under California antidiscrimination statutes: the Unruh Civil Rights Act (Count I) and the California Disabled Person Act ("CDPA") (Count II).  Southwest moves to dismiss those causes of action.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Legal conclusions couched as factual allegations are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).  Similarly, conclusory legal allegations are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

## III.    DISCUSSION

Plaintiff advances two reasons why the Court should deny Southwest's motion: first, because the Court lacks jurisdiction to hear the case (and should therefore remand the action to state court); and second, because Count II is not preempted by federal law.  Neither are persuasive.

United States District Court
Northern District of California

2

**A.      Jurisdiction**[2]

Plaintiff argues that this case should be remanded because the Court does not have jurisdiction over this suit.  Both parties agree that Plaintiff's claims arise under California law, and Southwest removed on the basis of diversity jurisdiction.  *See* 28 U.S.C. § 1332.  At the time of removal,[3] Southwest was the only named Defendant.  For diversity purposes, Plaintiff is a citizen of California and Southwest is a citizen of Texas, *see* FAC, so there is complete diversity between the parties.

Plaintiff claims that the Doe Defendants defeat diversity jurisdiction where, as here, she has alleged specific Doe's to be California residents.  Plaintiff is incorrect.  The Ninth Circuit has held that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  Likewise, the statute itself is clear:  "In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of [title 28], the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).[4]

In sum, the Court is satisfied that diversity jurisdiction exists.

---

[2] Although Plaintiff did not file a motion to remand and only raised the issue in its opposition to Defendants' motion to dismiss, the question of remand for lack of diversity jurisdiction is properly before the Court.  *See Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 973 (9th Cir. 1993) ("[R]aising the issue [of remand] in opposition to a motion to dismiss will suffice.").

[3] "[W]hether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir.2006) (holding that "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court").

[4] The Court acknowledges that other courts have found that the question of whether Doe defendants may destroy diversity to be a "convoluted and unsettled" one. *Robinson v. Lowe's Home Centers, LLC*, No. 1:15-cv-1321-LJO-SMS, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015).  At least one court has concluded that this question requires an assessment of whether Plaintiff's "description of Doe [D]efendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, No. 1:15-cv-751-LJO-JLT, 2015 WL 5646648, at *7 (E.D. Cal. Sept. 24, 2015).  In this Court's view, however, the clear language of 28 U.S.C. § 1441(b)(1) governs, and the Court disregards the citizenship of the Doe Defendants at this stage.

3

United States District Court
Northern District of California

### B.    Preemption

Plaintiff concedes that, should this case remain in federal court, her first cause of action alleging a violation under the Unruh Civil Rights Act cannot stand.  Opp. at 6, ECF No. 20.  She maintains, however, that her CDPA claim survives.  But neither claim can stand because antidiscrimination claims against an airline are generally field preempted by the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, which is an amendment to the Federal Aviation Act ("FAA").[5]

"Federal law impliedly preempts state law when the state law 'regulates conduct in a field that Congress intended the Government to occupy exclusively.'"  *Azocar v. Delta Air Lines, Inc.*, 562 F. Supp. 3d 788, 792 (C.D. Cal. 2021) (citation omitted).  "Such an intent may be inferred from a scheme of federal regulation . . . so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it."  *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990) (internal quotations omitted).  In the field of aviation, courts should "more readily" infer preemption because aviation "is an area of law where the federal interest is dominant."  *Nat'l Fed'n of the Blind v. United Airlines*, Inc., 813 F.3d 718, 724 (9th Cir. 2016) ("*National Federation*") (internal quotations omitted).

In *National Federation*, the Ninth Circuit addressed the specific question currently before the Court, namely whether claims under the Unruh Civil Rights Act and the CDPA are preempted by the ACAA.  There, plaintiffs alleged that the airline's policy of using kiosks inaccessible to the blind violated these California antidiscrimination statutes.  813 F.3d at 723.  The Ninth Circuit explicitly found that the ACAA "was intended to ensure nondiscriminatory treatment of airline passengers, whether on an airplane, in an airport, at a kiosk, or otherwise."  *National Federation*, 813 F.3d at 739 (internal citation and quotations omitted).  In other words, because the ACAA and its implementing regulations pervasively and comprehensively regulate discrimination in the context of air travel, the Ninth Circuit found that plaintiff's Unruh and CDPA claims were

---

[5] Plaintiff does not explain why she only "agree[d] to abandon her" Unruh Act claim "[i]n the event the Court proceeds" to consider Southwest's motion to dismiss.  Whatever the reason, there is no doubt that Unruh Act claims and CDPA claims rise and fall together under a preemption analysis.

4

impliedly field preempted under the ACAA.

Two California district courts have applied *National Federation* on facts nearly identical to the instant action and both have found that field preemption applies. *See Lagomarsino v. Delta Airlines, Inc.*, No. CV193131DMGGJSX, 2020 WL 1955314 (C.D. Cal. Feb. 7, 2020) and *Azocar v. Delta Air Lines, Inc.*, 562 F. Supp. 3d 788 (C.D. Cal. 2021). In both *Lagomarsino* and *Azocar*, a plaintiff sued their airline after each was denied wheelchair assistance when moving through an airport terminal. *See Lagomarsino*, 2020 WL 1955314, at *1. In *Lagosmarsino*, the court found plaintiff's claims to be analogous to those asserted in *National Federation* and dismissed them as impliedly preempted by the ACAA. *Id.* at *3. *Azocar*, decided the following year, explicitly endorsed *Lagosmarsino*'s interpretation of *National Federation.* As the *Azocar* court stated, "[t]he ACAA comprehensively addresses discrimination with respect to assisting disabled passengers move through airports." *Azocar*, 562 F. Supp. 3d at 794. The court continued: "As Congress has indicated its intent to occupy this field to the exclusion of state regulation, federal law impliedly field preempts Azocar's claims under Unruh and CDPA." *Id.* Tellingly, though while Southwest cites both cases liberally, Plaintiff's opposition fails not only to reference or distinguish either case, but also fails to cite the Ninth Circuit controlling authority of *National Federation*.

What's more, Plaintiff's preferred cases, *Barnett* and *Burgess*, are inapposite to the Court's analysis. *Barnett v. Cass*, 522 F. Supp. 3d 780 (D. Haw. 2021) and *Burgess v. Novictor Aviation LLC*, No. CV 21-00242 JMS-WRP, 2021 WL 3510679 (D. Haw. Aug. 10, 2021). Neither case involved allegations of discrimination, and likewise did not include claims under state antidiscrimination statutes. The plaintiffs in *Barnett* and *Burgess* were victims of helicopter accidents and asserted only claims based in tort. The applicable Ninth Circuit case in tort cases is *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1006 (9th Cir. 2013), which "evaluated California tort claims, not the prescriptive statutory claims at issue here." *Azocar*, 562 F. Supp. at 794. As the *Azocar* court explained:

> *Gilstrap* found the ACAA preempted the state tort standard of care, but not the remaining tort law elements or remedies. *See* 709 F.3d at 1007 ("Gilstrap may still rely on California tort law to prove the other

United States District Court
Northern District of California

elements of her claims—breach, causation, damages, and remedies."). In contrast, in *National Federation*, the Ninth Circuit evaluated ACAA preemption of Unruh and CDPA claims, like Azocar asserts here, and concluded the claims were preempted. *See Nat'l Fed'n*, 813 F.3d at 723, 740 (finding the plaintiff's Unruh and CDPA claims "impliedly field preempted under the ACAA").

*Id.* Like the court in *Azocar,* the Court here is guided not by *Gilstrap*, but "by *National Federation*'s evaluation of the same statutory claims." *Id.* And like the Ninth Circuit in *National Federation*, and the district courts in *Lagomarsino* and *Azocar*, the Court finds Plaintiff's antidiscrimination claims preempted by the ACAA.

Accordingly, the Court GRANTS Southwest's motion to dismiss Counts I and II of Plaintiff's FAC. And as no amendment can alter the deficiency regarding preemption, the Court DISMISSES those claims WITH PREJUDICE.

## IV.    CONCLUSION

The Court DISMISSES Counts I and II of Plaintiff's FAC. Southwest shall file an Answer to Counts III and IV of the FAC within 21 days of this Order. Plaintiff shall serve the remaining named Defendant G2 Secure Services, and file proof of service accordingly, within the timeframe set forth by Federal Rule of Civil Procedure 4(m), *i.e.*, no later than July 21, 2026.

**IT IS SO ORDERED.**

Dated:  July 2, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

6